990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul LOPEZ-ALVAREZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fabian JIMENEZ-MARTINEZ, Defendant-Appellant.
 Nos. 88-5435, 88-5441.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided March 18, 1993.
 
 Before JAMES R. BROWNING, HUG and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lopez-Alvarez and Jimenez-Martinez appeal their convictions for conspiracy to kidnap and murder a United States Customs Service Agent and foreign travel with intent to commit a murder for hire. See 18 U.S.C. §§ 1117, 1201(c), 1952(a).
 
 
 3
 A. Both defendants argue the district court erred in denying their motion to dismiss the indictment for outrageous government conduct. Because the defendants argued the indictments should be dismissed as a matter of due process as well as under the court's supervisory power, we review de novo. See United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir.1991), cert. denied, 113 S.Ct. 417 (1992), and 113 S.Ct. 985 (1993). Findings of fact underlying the dismissal, however, are reviewed only for clear error. Id.
 
 
 4
 The district court made detailed findings in denying the motion. See ER 12-19. Of particular significance is the court's finding (amply supported by the record) that Lopez-Alvarez first raised the subject of assassination or kidnapping for hire. See ER 19, 26, 30, 32. A finding of outrageous government conduct is precluded where the defendant initiates or first suggests an illegal activity, even if the government is heavily involved thereafter. See, e.g., United States v. Winslow, 962 F.2d 845, 849, amended, 1992 U.S.App. LEXIS 10294 (9th Cir.1992); Barrera-Moreno, 951 F.2d at 1092; United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988); United States v. Simpson, 813 F.2d 1462, 1470-71 (9th Cir.), cert. denied, 484 U.S. 898 (1987).
 
 
 5
 B. Defendants also argue the prosecutor committed misconduct during closing argument. The court admonished the prosecution not to argue that Lopez-Alvarez's participation in the Camarena case suggested he was guilty of the acts charged in this case. ER 36. Nonetheless, the Assistant United States Attorney argued to the jury that "[a]n individual who has never done this kind of work before[,] who has never gotten into this business, wouldn't necessarily have the kind of detailed idea [to execute the charged crimes]." GSER 67. The defendant objected, id., and the district court immediately instructed the jury that evidence of prior bad acts should not be considered in determining whether Lopez-Alvarez was guilty of the charged offenses, id. We agree with the district court that the comments were improper and violated the court's order forbidding discussion of Lopez-Alvarez's prior bad acts. See ER 36.
 
 
 6
 Nonetheless, we must affirm. In its post-trial findings, the district court ruled that the "strong and pointed curative instructions neutralized any prejudice to defendants." Id. Effective instructions, promptly given, can cure the effect of improper comments by the prosecution. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). Moreover, any error was harmless, given the conclusive evidence of guilt such as the transcript of the audio tape where Lopez-Alvarez offers to perform assassinations. See GSER 10-11; see also United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985) (prosecutorial misconduct in presenting proscribed material to jury subject to harmless error analysis).
 
 
 7
 By affirming the conviction, we do not mean to condone the government's conduct. A prosecutor, more so than any other lawyer, must remain personally detached, objective and fair in his conduct of the case, ever mindful that he's wielding a heavy club. A prosecutor's function is not merely to obtain a conviction but to do justice. And justice, or the appearance thereof, is impaired when a prosecutor obtains a conviction through unfair means. We trust that the government lawyers who tried this case, and those who supervise them, will take this important lesson to heart.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 As Jimenez-Martinez wasn't targeted by the government, his claim of outrageous government conduct is purely derivative of Lopez-Alvarez's. Our conclusion that Lopez-Alvarez cannot complain of outrageous conduct also disposes of Jimenez-Martinez's claim.